**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Montiah Chatman, individually and on behalf of her two minor children, J.L.C. and E.V.T.P., <br><br> Plaintiffs, <br><br> v. <br><br> Marci D Ferrell, et al., <br><br> Defendants. | No. CV-17-03826-PHX-DLR <br><br> **ORDER** |

On February 13, 2020, the Court granted summary judgment to Plaintiffs on count one of their complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 129.) Specifically, the Court found that, by removing J.L.C. and E.V.T.P. (the "Boys") from Montiah Chatman's custody without judicial authorization and in the absence of exigent circumstances, Defendants violated the Fourth and Fourteenth Amendments. (*Id.*) The parties subsequently prepared to proceed to trial, but logistical challenges and safety concerns stemming from the COVID-19 pandemic caused the matter to be continued for at least six months. (Doc. 137.) Facing delayed resolution of the matter, Plaintiffs moved for leave to file a second motion for summary judgment addressing their false imprisonment and negligence claims. (Doc. 138.) The Court granted the motion, reasoning that a second round of dispositive motion practice would not prejudice Defendants and could be productive by narrowing the issues prior to trial. Plaintiffs' second motion for summary

judgment is now ripe. (Docs. 147-49.) The Court held oral argument on December 9, 2020 and thereafter took the matter under advisement. (Doc. 152.) Plaintiff's motion is granted in part and denied in part as described below.[1]

**I. False Imprisonment**

Under Arizona law, a defendant who confines another person without that person's consent and without lawful authority is liable for false imprisonment. *Spears v. Ariz. Bd. of Regents*, 37 F. Supp. 3d 893, 922 (D. Ariz. 2019) (citing *Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975)). To be found liable, each defendant need not have physically confined the other person, themselves. Rather, a defendant is subject to liability for false imprisonment if (1) the defendant acted with the intent to confine another person within boundaries fixed by the defendant; (2) the defendant's act resulted in such confinement; and, (3) the other person was conscious of the confinement or was harmed by it. *Gau v. Smitty's Super Valu, Inc.*, 901 P.2d 455, 458 (Ariz. App. 1995).

At oral argument, Defendants conceded that they each intentionally caused the Boys to be taken into custody without consent, and that the Boys were conscious of the confinement or harmed by it. (Doc. 152.) Nevertheless, Defendants argued that they are not liable for false imprisonment because A.R.S. § 8-821 provided them with lawful authority to remove the boys. However, as the Court explained in its prior order, child-removals in the absence of exigent circumstances[2] or judicial authorization, such as what occurred here, violate the Fourth and Fourteenth Amendments. The Constitution is the supreme law of the land, and conduct that violates the supreme law of the land, by definition, lacks lawful authority. *See Worcester v. Ga.*, 31 U.S. 515, 571-72 (1832) (M'Lean, J., concurring) ("No one can deny that the constitution of the United States is the

---

[1] The Court incorporates by reference the background section from its prior summary judgment order. (Doc. 129 at 1-4.)

[2] As explained in the Court's February 13, 2020 decision, exigent circumstances in the child-removal context exist only when government officials have reasonable cause to believe that: (1) at the time of seizure, the children are in imminent danger of suffering serious physical injury; (2) the scope and degree of the intrusion is reasonably necessary to avert that specific injury; and (3) there is insufficient time to obtain a warrant to prevent such injury. *Birair* v. Kolycheck, No. CV-15-01807-PHX-DJH, 2018 WL 4220759, at *9 (D. Ariz. Sept. 5, 2018) (quoting *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 790 (9th Cir. 2016)).

supreme law of the land; and consequently, no act of any state legislature or of congress, which is repugnant to it, can be of any validity."). In sum, because they violated the Fourth and Fourteenth Amendments by removing and confining the boys, Defendants could not have simultaneously acted with lawful authority. Plaintiffs have therefore established, as a matter of law, that each defendant confined the Boys without their consent and without lawful authority. The Court will grant summary judgment to Plaintiffs on their false imprisonment claim.

**II. Negligence**

"To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of the standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (citation omitted). Here, Plaintiffs proffer four negligence per se theories in support of their negligence claim against Marci Ferrell and Cindy Chrisman. Specifically, they allege that A.R.S. §§ 8-821(B) and (F), 8-822(C) and 8-823 imposed duties on Ms. Ferrell and/or Ms. Chrisman, which they violated, causing Plaintiffs psychological trauma. The Court will address the parties' arguments by considering each statutory provision, in turn.

**A. A.R.S. § 8-821(B)**

Section 8-821(B) states, in relevant part,

> B. A child may be taken into temporary custody by a peace officer, a child welfare investigator or a child safety worker if temporary custody is clearly necessary to protect the child because probable cause exists to believe that the child is either:
>
> 1. A victim or will imminently become a victim of abuse or neglect.

Plaintiffs argue that, because the Court earlier determined that the Boys' removal violated the Fourth and Fourteenth Amendments, Ms. Ferrell and Ms. Chrisman similarly violated § 8-821(B). However, the question, here, is not whether Defendants' behavior was constitutional, but whether it violated § 8-821(B) for negligence purposes. While it is true that, to comply with constitutional due-process, child removals require a greater showing

than probable cause, the probable cause analysis is relevant because § 8-821(B) makes it so. *Birair*, 2018 WL 4220759, at *9.

Here, a dispute of material fact exists as to whether Defendants had probable cause to believe that J.L.C. and E.V.T.P. were victims of abuse or neglect. Specifically, evidence such as J.L.C.'s sexualized behavior and the Boys' former cohabitation with a registered sex offender suggest that Defendants had probable cause to believe that the Boys were victims of abuse or neglect. (Doc. 148 at 4.) Therefore, Plaintiffs cannot establish, as a matter of law, that Ms. Ferrell and Ms. Chrisman breached their duties under § 8-821(B). The Court will consequently deny summary judgment to Plaintiffs on their negligence claim stemming from § 8-821(B).

**B. A.R.S. § 8-821(F)**

Section 8-821(F)[3] states that a "child shall not remain in temporary custody for more than seventy-two hours excluding Saturdays, Sundays and holidays unless a dependency petition is filed." Here, Defendants do not dispute breach, causation or damages. Instead, they assert that § 8-821(F) did not impose a duty on Ms. Ferrell or Ms. Chrisman because the harm alleged—psychological trauma to Plaintiffs—was not the harm the subsection sought to prevent. *See Quiroz v. ALCOA Inc.*, 416 P.3d 824, 829 (Ariz. 2018) (quoting *Gipson*, 150 P.3d at 233) ("A duty may arise from a statute when the plaintiff "is within the class of persons to be protected by the statute and the harm that occurred . . . is the risk that the statute sought to protect against.").

To ascertain whether the harm alleged was the harm § 8-821(F) sought to prevent, the Court must interpret the section's intent by giving the "words their ordinary meaning unless the context suggests a different one." *State ex. Rel. Brnovich v. City of Phoenix*, 468 P.3d 1200, 1205 (Ariz. 2020). Looking to the section's plain meaning, the Court concludes that it was not designed to prevent psychological harm to separated families. Section § 8-821 does not include language suggesting that its application aims towards emotional harm reduction. Rather, in addition to providing a dependency-petition-filing

---

[3] A.R.S. § 8-821(F) was effective from July 3, 2015 until June 30, 2018. Identical requirements are now included in § 8-821(H).

- 4 -

exception to the seventy-two-hour return deadline, the section includes an exception for "Saturdays, Sundays, and holidays," suggesting that the section's purpose is administrative. Namely, § 8-821(F) creates a three-business-day processing timetable to ensure expeditious resolution of cases. If the section had been designed, instead, to reduce emotional harm caused by family separation, it seems unlikely that it would permit longer separations during weekends and holidays, a policy that probably exacerbates trauma. Because § 8-821(F) was not designed to prevent the harm that Plaintiffs allege, Plaintiffs have not met the duty prong as a matter of law. Summary judgment is therefore inappropriate on Plaintiffs' negligence claim stemming from § 8-821(F).

### C. A.R.S. § 8-822(C)

Section 8-822(C) states, in relevant part,

> C. [T]he department may not remove a child from the custody of the child's parents, guardian or custodian unless both of the following occur before the removal:
>
> 1. The child safety worker who is recommending the removal submits the reasons for removal and supporting information to the worker's supervisor.
>
> 2. The worker's supervisor reviews the reasons and supporting information and approves the removal.

In their motion, Plaintiffs contend, without elaboration, that Ms. Chrisman violated § 8-822(C) by "approving the removal." (Doc. 147 at 6.) The Court sought clarification, because it had been its understanding that Ms. Ferrell was the relevant "child safety worker" and that Ms. Chrisman, the "supervisor," had reviewed Ms. Ferrell's reports and approved the removal by directing Ms. Ferrell to remove the Boys. At oral argument, however, Counsel raised, for the first time, the argument that Ms. Chrisman violated § 8-822(C) by failing to submit her removal recommendation to "someone else" for approval. (Doc. 152.) Counsel did not name the individual or group to whom Ms. Chrisman was required to submit her recommendation[4] or otherwise support Plaintiffs' reading of the

---

[4] Plaintiffs, in their first motion for summary judgment, suggested that the department customarily "staffed" removal decisions and expressed concern that the absence of staffing records addressing the Boys' removal indicates that the decision was not staffed. (Doc. 110-4 at 10.) Perhaps Counsel's reference at oral argument to "someone

- 5 -

statute, which appears to require an extra approval step. Without more, Plaintiffs have not met their burden to show that Ms. Chrisman breached her duty under § 8-822(C) as a matter of law. The Court will deny summary judgment to Plaintiffs on their negligence claim arising from this section.

### D. A.R.S. § 8-823

The relevant portion of § 8-823 reads,

> A. If a child is taken into temporary custody, [the] child safety worker taking the child into custody shall provide written notice within six hours to the parent or guardian of the child . . .
>
> B. The written notice shall contain []:
>
> 1. Specific reasons as to why the child is being removed. The notice shall list the specific factors that caused the determination of imminent danger.

Here, Defendants do not dispute that Ms. Ferrell tendered a temporary custody notice ("TCN") to Ms. Chatman that lacked an explanation of the specific reasons for the Boys' removal. (Doc. 110-2 at 11.) Instead, they assert that they are not liable for a violation of the section, because the duty element has not been met. Specifically, they argue that the harm alleged—psychological trauma suffered by Ms. Chatman—was not the harm § 8-823 sought to prevent. The Court agrees. Section 8-823, titled "Notice of taking into temporary custody," is unequivocally a notice statute. The foreseeable harm arising from the violation of such a provision is lack of notice, not emotional distress. Because § 8-821(F) was not designed to prevent the harm that Plaintiffs allege, the duty prong has not been met. Summary judgment is therefore inappropriate on Plaintiffs' negligence claim stemming from § 8-823.

Because Plaintiffs have not shown they are entitled to relief as a matter of law on any of their negligence theories, the Court will deny summary judgment to Plaintiffs on their negligence claim. Further, the Court will grant summary judgment to Defendants on

---

else" as the final approver was intended to point to the staff group. However, even if staffing was an ordinary department practice and the Boys' removal decision was not staffed, § 8-822(C) does not appear to include a staffing requirement.

- 6 -

Plaintiffs' negligence claim insofar as it rests on alleged violations of A.R.S. §§ 8-821(F) and 8-823. As a matter of law, these provisions were not designed to prevent the harm alleged by Plaintiffs. Consequently, Plaintiffs cannot meet the duty element. An award of summary judgment to Defendants is appropriate here, even though they did not move for summary judgment, because Plaintiffs had a full and fair opportunity to brief their duty arguments. *See Whitmire v. Wal-Mart Stores, Inc.*, 359 F. Supp. 761, 792 (D. Ariz. 2019) (quoting *In re Harris Pine Mills*, 44 F.3d 1431, 1439 (9th Cir. 1995) (the Court may grant summary judgment for a nonmovant without notice where "the losing party has had a full and fair opportunity to ventilate the issues involved in the motion.")). For these reasons,

**IT IS ORDERED** that Plaintiffs' motion for summary judgment (Doc. 147) is **GRANTED IN PART AND DENIED IN PART** as detailed above.

**IT IS FURTHER ORDERED** that summary judgment is granted to Defendants on Plaintiffs' negligence claim insofar as it rests on alleged violations of A.R.S. §§ 8-821(F) and 8-823.

Dated this 23rd day of December, 2020.

Douglas L. Rayes
United States District Judge