IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Montiah Chatman,<br><br>      Plaintiff,<br><br>v.<br><br>Marci D Ferrell, et al.,<br><br>      Defendants. | No. CV-17-03826-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendants' Motion in Limine Regarding Expert Witness Timothy Turner. (Doc. 161.)  The motion is fully briefed, and for the reasons set forth below, denied.

Timothy Turner ("Turner") is a retired CPS/DCS employee.  He was retained by Plaintiffs as an expert witness to offer testimony about the standard of care within the agency and whether Defendants Ferrell and Chrisman acted in accordance with that standard of care.  The Court has entered summary judgment in favor of Plaintiffs on civil rights claims brought pursuant to 42 U.S.C. § 1983 and on Plaintiff's state claim for false imprisonment.  (Docs. 129, 153.)  Plaintiffs argue that, because liability is no longer an issue in the case, Turner, a liability expert, has no relevant testimony to offer.

Plaintiffs are seeking punitive damages.  The parties have stipulated to the Ninth Circuit Model Civil Jury Instruction 5.5 (2017) (modified) as the punitive damage instruction to be given to the jury.  The instruction advises the jury that it may award

punitive damages only if it finds "that a defendant's conduct that harmed [Plaintiffs] was…in reckless disregard of [Plaintiffs'] rights." (Doc. 166-1 at 20.)  That instruction further informs the jury that "[c]onduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiffs' safety or rights, or if the defendant acts in the face of perceived risk that its actions will violate the plaintiff[s'] rights under federal law." *Id.*

The protocols, procedures and standard of care of CPS/DCS employees is not information commonly known to the average juror.  Turner's testimony is relevant to the question of punitive damages.  It is evidence of the conduct expected of reasonably prudent persons working at CPS/DHS in the positions held by Defendants Ferrell and Chrisman at the time of the events in question.  It therefore provides evidence to the jury when it evaluates whether the conduct of these defendants was so far below the standard of what is expected of employees in their positions that it amounted to reckless disregard of Plaintiffs' rights.  Although Turner is a liability expert, his expertise is also relevant to the jury's determination of punitive damages.  Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine Regarding Expert Witness Timothy Turner (Doc. 161) is **DENIED**.

Dated this 22nd day of February, 2021.

Douglas L. Rayes
United States District Judge