# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Montiah Chatman,

          Plaintiff,

v.

Marci D Ferrell, et al.,

          Defendants.

No. CV-17-03826-PHX-DLR

**FINAL PRETRIAL ORDER**

      The Court having reviewed the parties' joint Proposed Final Pretrial Order for Jury Trial (Doc. 165) hereby adopts the same as follows:

**A.    TRIAL COUNSEL FOR THE PARTIES**

      FOR PLAINTIFFS:    Martin A. Bihn
                               Donna M. McDaniel
                               2600 N. Central Ave, Suite 1775
                               Phoenix, Arizona  85004
                               Tel:    (602) 248 9779
                               Fax:    (602) 248 974
                               Email: MBihn@phxlegal.com
                                         Donna@phxlegal.com

      FOR DEFENDANTS:    Cynthia D. Starkey
                               Timothy J. Watson
                               2005 North Central Avenue
                               Phoenix, Arizona 85004-1592
                               (602) 542-8346 - TJW
                               (602) 542-7612 - CDS

Fax: (602) 542-3393
Email: Cynthia.Starkey@azag.gov
Timothy.Watson@azag.gov

**B.    STATEMENT OF JURISDICTION**

Jurisdiction in this case is based upon federal question jurisdiction under Title 28 U.S.C. § 1331 and supplemental jurisdiction for state law claims pursuant to Title 28 U.S.C. § 1367.

Defendants do not dispute jurisdiction.

**C.    STIPULATIONS AND UNCONTESTED FACTS AND LAW**

Pursuant to this Court's previous orders Plaintiffs have prevailed on claims for § 1983 Civil Rights violations (Count I) and state law False Imprisonment claims (Count III).

The parties have stipulated to dismiss Plaintiffs' claims for Intentional Infliction of Emotional Distress (Count II) and Negligence (Count IV) of the Third Amended Complaint (Doc. 68).

**D.    CONTESTED ISSUES OF FACT AND LAW**

1.  Amount of Montiah Chatman's compensatory damages on her 42 USC 1983 claim.

2.  Amount of EVTP's compensatory damages on his 42 USC 1983 claim.

3.  Amount of JLC's compensatory damages on his 42 USC § 1983 claim.

4.  Whether Montiah Chatman, EVTP and/or JLC are entitled to punitive damages against defendant Ferrell on their 42 USC 1983 claims and if so in what amount.

5.  Whether Montiah Chatman, EVTP and/or JLC are entitled to punitive damages against defendant Chrisman on their 42 USC 1983 claims and if so in what amount.

6.  Whether Montiah Chatman, EVTP and/or JLC are entitled to punitive damages against defendant Sullivan on their 42 USC 1983 claims and if so in what amount.

7.   Amount of EVTP's compensatory damages on his false imprisonment claim.

8.   Amount of JLC's compensatory damages on his false imprisonment claim.

9.   Amount of attorneys' fees and costs plaintiffs are entitled to pursuant to 42 USC § 1988.

**E.    LIST OF WITNESSES**

**PLAINTIFF**

(a)    Witnesses who shall be called at trial:

1.    <u>Montiah Chatman.</u> Fact Witness. Will testify regarding the facts and circumstances surrounding defendants' removal of her children, her communications with defendants Ferrell and Chrisman, her efforts to regain their custody, her damages and damages of EVTP and JLC.

2.    <u>Cindy Chrisman</u>.  Fact Witness. Defendants Chrisman is expected to testify regarding her conversations with Ferrell, her direction to remove EVTP and JLC, discussions with

3.    <u>Marci Ferrell.</u>    Fact Witness.  Defendant Ferrell is expected to testify regarding her removal of EVTP and JLC, her conversations with Chrisman and Sullivan and her conversations with Montiah Chatman and Chatman's family when she removed JLC.

4.    <u>JLC</u>. Fact Witness. May testify regarding his reports of Pearson abusing EVTP, his removal, events that occurred while he was in foster care in Minnesota, reunification with his mother, his damages and damages of EVTP and Montiah Chatman.

5.    <u>John Sullivan</u>.  Fact Witness.  Expected to testify verify his voice on the Coolidge Police Officer's body camera video and is expected to testify consistently with his deposition that he has no recollection of the events at issue in this case and has no facts to dispute any of the allegations in plaintiff's third amended complaint

6.    <u>Timothy Turner.</u>    Expert Witness.  Will testify regarding CPS case worker standard of care in case handling, case documentation, Temporary Custody Notices, and child removals.

7.     <u>Lee Underwood.</u>  Expert Witness. Will testify consistently with his report regarding psychological and emotional injuries suffered by EVTP and JLC caused by their removal.

(b)     Witnesses who may be to be called at trial:

1.     <u>David Gross</u>.  Fact Witness. Coolidge police officer who was present when EVTP was removed.  Hoffman will testify regarding his observations of EVTP and his home, that he saw no basis to remove EVTP.

2.     <u>Alan Hoffman</u>.     Fact Witness.  Coolidge police officer who was present when EVTP was removed.  Hoffman will testify regarding his observations of EVTP and his home, that he saw no basis to remove EVTP and his conversations with defendant Sullivan.

3.     <u>Rudy Dominguez</u>. Fact Witness. Former Phoenix police detective is expected to testify regarding his meeting with plaintiffs to discuss Pearson's report that J.L.C. and E.V.T.P. had been kidnapped by their mother, Montiah Chatman. Dominguez is also expected to testify that Phoenix PD determined the kidnapping report was false. Dominguez is also expected to testify regarding his communications/discussions with defendant Ferrell.

(c)     Witnesses who are unlikely to be called at trial:

1.     <u>EVTP</u>, Fact Witness. Unlikely to be called but would testify regarding his removal, events that occurred while he was in foster care in Minnesota, reunification with his mother, his damages and damages of JLC and Montiah Chatman.

**DEFENDANTS**

(a)     Witnesses who shall be called at trial:

1.     <u>Marci Ferrell.</u> Ms. Ferrell is a fact witness who is expected to testify regarding her investigation into the reports made to the Arizona Department of Child Safety (DCS) regarding EVTP and JLC, her conversations with Montiah Chatman and others, including Wright County Health & Human Services (WCHHS) social workers and law enforcement during the course of her investigation.  Her staffings with her supervisor

Cindy Chrisman, and consultation of an Assistant Attorney General (AAG) (not Defendant Sullivan) regarding the Minnesota Court Order awarding temporary custody to Corey Pearson.  She is also expected to testify about the facts and circumstances regarding her removal of EVTP and JLC, including her consultation with Chrisman, Sullivan, Coolidge Police and others when she removed the Children.

2.   <u>Cindy Chrisman.</u>  Ms. Chrisman is a fact witness.  She was Ms. Ferrell's supervisor at the time of the removal.  Ms. Chrisman is expected to testify about the Child Safety Intake Case Summary Reports (Report Nos. 930407 and 934412) regarding the minor children JLC, EVTP, and their mother, Montiah Chatman.  Ms. Chrisman is also expected to testify about her observations and interactions with the family, the decision to remove the Children, and their consultation with an AAG other than Sullivan regarding the validity of the MN Court Order, staffing the case with Ms. Ferrell, their consultation with former AAG John Sullivan during the removal, her consultation with another AAG about the propriety of returning the Children to Corey Pearson after removal.

3.   <u>John Sullivan.</u>  Mr. Sullivan is a fact witness.  In January of 2017, he was an Arizona Assistant Attorney General, Unit Chief for the Protective Services Section who, among other duties, provided after-hours advice to the Arizona Department of Child Safety and is expected to testify regarding the same and any recollections he has regarding any advice he may have provided to Ms. Ferrell or Ms. Chrisman regarding the removal of EVTP and JLC.

4.   <u>Corey Pearson.</u>  Ms. Pearson is a fact witness and the paternal grandmother of EVTP.  Ms. Pearson is expected to testify about her observations and interactions with JLC, EVTP, and Montiah Chatman.  Ms. Pearson is also expected to testify about  her reports to WCHHS regarding the Children, her efforts to obtain counseling for JLC, the Temporary Guardianship Agreement between her and Montiah Chatman regarding JLC and EVTP, and about the temporary custody order she obtained from the Minnesota District Court in Wright County.  She is expected to testify regarding

her taking custody of the Children after they were removed in January of 2017.  She will deny the allegations that she sexually molested EVTP, and testify regarding that investigation.  She will testify that Ms. Hake's was the respite care giver for the Children when they were in her care in 2016, and her interactions with Ms. Hake at that time and in 2017 when Ms. Hake fostered the Children.

5. <u>Kimberley Hake.</u> Ms. Hake is a fact witness who will testify that she was the respite care giver for the Children in 2016, when Corey Pearson had custody of the Children.  When the Children were removed from Corey Pearson she in 2017, she because their foster placement.  She will testify regarding her interactions with Montiah Chatman and the Children when she fostered the Children in 2017.  She will testify regarding disclosures JLC made to her regarding abuse and neglect the Children suffered while in Montiah's care an custody.   She will further testify regarding JLC's aggressive and inappropriate behavior that she witnessed.  She will also testify that neither JLC nor EVTP were abused while in her care.

(b)  Witnesses who may be to be called at trial:

1. <u>Diana Vigil, LPC, RPT.</u> Ms. Vigil is a behavioral health expert. Ms. Vigil is expected to testify about the facts of this case and how it relates to mental health of J.L.C. and E.V.T.P. Her testimony will be consistent with the report that she authored in this matter and authorities she relied upon in reaching her professional opinions.

2. <u>Stacie Reynolds.</u> Wright County Health & Human Services. Ms. Reynolds is expected to testify about the services provided to the family, and the family's participation in those services. Ms. Reynolds is also expected to testify about her interactions, recommendations and observations of JLC, EVTP, Montiah Chatman and Corey Pearson.  She is further expected to testify that Montiah Chatman's claims that the Children were abused in foster care were unfounded.

3. <u>Deborah Chatman.</u> Ms. Chatman is a fact witness.  She is the maternal grandmother of JLC and EVTP and the mother of Montiah Chatman.  Ms. Chatman is expected to testify about her observations and interactions with JLC, EVTP, and Montiah

Chatman.  She is further expected to testify that she was JLC's primary caregiver for the first three years of his life, and that Montiah returned JLC to her care when she returned to Arizona after picking the Children up in Minnesota in November of 2016.  She is expected to testify that she reported Montiah to DCS in 2016 for neglect of JLC.  She will further testify about JLC's removal from her home in January of 2017 and any other relevant facts and circumstances.

4.  <u>Montiah Chatman.</u> Ms. Chatman is a fact witness.  She is a Plaintiff and the mother of Plaintiffs JLC and EVTP.  Ms. Chatman is expected to testify about the allegations in the Third Amended Complaint and about her knowledge of the DCS investigations regarding JLC and EVTP; and her interactions with DCS, WCHHS, and law enforcement in connection with the DCS investigations and the WCHHS investigations. She is expected to testify regarding JLC's alleged report that Corey Pearson molested EVTP.  Ms. Chatman is also expected to testify about the Temporary Guardianship agreement between her and Corey Pearson regarding JLC and EVTP.  Ms. Chatman is also expected to testify about her and her Children's relationship/contact with her boyfriend Carlos Sianez, a registered sex offender.

(c)  Witnesses who are unlikely to be called at trial:

1.  <u>JLC.</u> JLC is a fact witness. He has knowledge about his bond with Deborah Chatman and her family, his removal, events that occurred while he was in foster care in Minnesota, his allegations that Corey Pearson sexually molested EVTP, reunification with Montiah Chatman, his damages and the damages of EVTP and Montiah Chatman.

2.  <u>EVTP.</u> EVTP is a fact witness. He has knowledge about his removal, events that occurred while he was in foster care in Minnesota, reunification with Montiah Chatman, his damages and the damages of JLC and Montiah Chatman.

Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party

wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party.

**F.     LIST OF EXHIBITS**

**1.** The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

Plaintiffs' Exhibits are numbered 1 through 10, and Defendants' Exhibits are numbered 20-39.

| Exhibit | Description | Doc ID number | Stip. to Admit | PLs Obj. | DFs Obj. |
|---------|-------------|---------------|----------------|----------|----------|
| 1 | Temporary Custody Notice EVTP | Original | X | | |
| 2 | Temporary Custody Notice JLC | Original | X | | |
| 3 | Order of Protection EVTP | | X | | |
| 4 | Officer Body Cam | none | X | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 18 | | | | | |
| 19 | | | | | |
| 20 | Temporary Guardianship Agreement | AZ-STATE-000379 | X | | |
| 21 | MN Family Assessment Investigation Case Closing Summary dated 12/19/16 (Pam Wright) | AZ-STATE-000588-000591 | | X | |
| 22 | DCS Intake summary 10.25.16 | AZ-STATE-000001-000011 | | X | |
| 23 | DCS Intake summary 11.17.16 | AZ-STATE-000025-33 | | X | |
| 24 | Phoenix PD Report | AZ-STATE 001330-001335 | | X | |
| 25 | Phoenix PD Report | AZ-STATE 001319-001329 | | X | |
| 26 | Minnesota Order Granting In Part and Denying in Part Petitioner's Motion for Emergency Ex Parte Temporary Custody | AZ-STATE 000879-000883 | X | | |
| 27 | DCS Non-Report Communications | AZ-STATE-000192-000202 | X | | |
| 28 | DCS Case Notes dated 1.5.17 | AZ-STATE-000103 | X | | |
| 29 | DCS Case Note dated 1.6.17 | AZ-STATE-000104 | X | | |
| 30 | DCS Case Note 1.6.17 | AZ-STATE-000105 | X | | |
| 31 | MN Chronology Summary (Molly Martie – Elijah) | AZ-STATE-000399-000405 | X | | |
| 32 | MN Chronology Summary | AZ-STATE-000480-000484 | X | | |

| 33 | April 5, 2017 letter and Investigation Case Closing Summary | PLA 1090-1091 | X | | |
| 34 | Letter dated 4/6/17 from Stacie Reynolds | AZ-STATE-000584 | X | | |
| 35 | April 13, 2017, request from Stacie Reynolds for hearing to Judge Strand and Affidavit | PLA 1000-1002 | X | | |
| 36 | April 27, 2017 letter from Stacie Reynolds to Judge Strand | AZ-STATE 000859-000860 | X | | |
| 37 | MN Chronology Summary (Stacie Reynolds) | AZ-STATE-000406-00479 | X | | |
| 38 | Timeline of Events | AZ-STATE-000803-000831 | | X | |
| 39 | All Exhibits listed by Plaintiffs even if later delisted or not used at trial | | | | |

**2.** As to the following exhibits, the parties have reached the following stipulations:

    **a.** Plaintiff's Exhibits:  See above.

    **b.** Defendant's Exhibits:  See above.

**3.** As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

    **a.** Plaintiff's Exhibits: Defendants' have no objections to Plaintiffs' exhibits.

    **b.** Defendant's Exhibits:

- **Ex.21** MN Family Assessment Summary dated 12/19/16
  401 does not relate to removal or damages from removal, but to the first period children were in MN about 6 weeks *before* the removal
  403 confuses issues because it does not relate to removal
  801 hearsay and double hearsay
  Author of document not a witness in this case.

- **Ex.22** DCS Intake summary 10.25.16

401 does not relate to removal or damages from removal, but to the first period children were in MN about 6 weeks *before* the removal

403 confuses issues because it does not relate to removal

801 hearsay and double hearsay

Page AZSTATE 005 chart re: May 2017 investigation subject to MIL 2

- **Ex.23** DCS Intake summary 11.17.16

  401 does not relate to removal or damages from removal, but to the first period children were in MN about 6 weeks *before* the removal

  403 contains unfairly prejudicial information, ie AZ STATE-28  chart indicating that Montiah was subject of investigation for sexual abuse *after* children returned from MN

  801is party hearsay report

  Portions are  subject to plaintiffs' MIL 1and 2

- **Ex.24** Phoenix Police Report

  Portions subject to Plaintiffs' MIL 1

  401/403 Not relevant to plaintiffs' damages claims

- **Ex.25** Phoenix Police Report

  Portions subject to Plaintiffs' motion in limine 1

  401/403 Not relevant to plaintiffs' damages claims

  Unfair prejudice and confusing issues

- **EX.37** Chronology Summary

  Objection to AZSTATE 406 6/16/17 entry by Reynolds, 403 and subject to plaintiffs' MIL 2

- **Ex.38** Time Line from Pearson

  Subject to plaintiffs' MIL 3

  801 Hearsay- a purported compilation of texts that no longer exist and Pearson's transcriptions of recorded telephone calls for which she does not have any recordings

  401/403 Timeline purports to begin three years prior to events in this case and 26 of its 28 pages relate to events prior to the removal of the boys.

  Last two pages AZSTATE 830-831 hearsay and subject to plaintiffs' MIL 1

Each party has acknowledged by signing the joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived.

**G.    DEPOSITIONS TO BE OFFERED**

**BY PLAINTIFFS**

- 11 -

## 1.    COREY PEARSON DEPOSITION DESIGNATIONS
## (IF PLAINTIFF'S MOTION IN LIMINE IS DENIED)

| PAGE/LINE | OBJECTION |
|---|---|
| 11: 10-21 | |
| 13: 2-7 | |
| 15:  9-25 | |
| | |
| 16:  1-10 | |
| 17:  23-25 | |
| 18:  1-18 | |
| 26:  17-25 | |
| 27:  1 | |
| 32:  18-25 | |
| 33:  1-24 | |
| 48: 8-12 | |
| 110:  11-19 | Hearsay, foundation |
| 111:  19-25 | Hearsay, foundation |
| 112:  1, 25 | |
| 113:  1-4 | |
| 114: 11-18 | Hearsay 114:16-18 |
| 137:  10-25 | Relevance |
| 138:  1:24 | |
| 140:  21:25 | |
| 141:  1-21 | |
| 142:  7-25 | Hearsay142:11-19 |

| | |
|---|---|
| 143:  1-25 | |
| 144:  25 | |
| 145:  1-2 | |
| 146:  14-22 | |
| 149:  12-24 | Hearsay, relevance, foundation |
| 162:  25 | Foundation; legal conclusion, relevance |
| 163:  1-2 | Foundation; legal conclusion, relevance |
| 165: 19-20 | |
| 168:  21-25 | Relevance |
| 169:  3-21 | |

## 2.    STACIE REYNOLDS DEPOSITION DESIGNATIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 10:  8-15 | |
| 13:  17-18 | |
| 14:  17-21 | |
| 17:  8-25 | |
| 18:  1-7 | |
| 19: 14-21 | |
| 20:  7-8, 12-16 | |
| 30:  12-18 | |
| 42:  20-25 | |
| 43:  1-2 | |
| 54:  19-21 | |
| 88:  4-9 | |

| | |
|---|---|
| 94:  9-11 | |
| 95:  1-15 | |
| 101:  7-25 | Hearsay, relevance, foundation |
| 102:  1, 2-18 | 102:8-18 Assumes facts not in evidence; hearsay; foundation |
| 103:  19-25 | |
| 104:  1-4 | |
| 110:  8-25 | |
| 111:  1-11 | |
| 123:  5-25 | |
| 124:  1 | |

**BY DEFENDANTS:**

1.    **COREY PEARSON DEPOSITION DESIGNATIONS**

| PAGE/LINE | OBJECTION |
|---|---|
| 5: 7-18, 5: 25 | |
| 6: 1-4 | |
| 7: 5-13 | |
| 8: 9-25 | |
| 9: 1-25 | HEARSAY lns 17-25 |
| 10: 1-25 | HEARSAY lns1-6 |
| 11: 1-2, 11:22-25 | |
| 12:1, 12:4-18 | |
| 13: 8-25 | |
| 14:1-8, 14: 25 | |
| 15: 1-4 | |

| | |
|---|---|
| 19: 16-25 | |
| 20:1-20 | |
| 21: 4-12, 21:18-25 | HEARSAY 18-23 |
| 22: 1-25 | |
| 23: 1, 23:18-25 | HEARSAY 18-25 |
| 24: 1-25 | HEARSAY 1 |
| 25:1-14 | |
| 27: 3-25 | HEARSAY 3-8 |
| 28: 1-12 | |
| 30: 3-25 | HEARSAY 3-20 |
| 31: 1-25 | |
| 32: 1-7 | |
| 34: 11-25 | |
| 35: 1-5, 25: 20-25 | HEARSAY |
| 36: 1-25 | |
| 37: 1-16 | |
| 38: 3-25 | |
| 39: 1-16, 39:21-25 | |
| 40: 1-14 | |
| 41: 8-11, 41: 18-25 | HEARSAY 18-25 |
| 42:-1-25 | HEARSAY 1-22 |
| 43: 1 | |
| 45: 15-25 | |
| 46: 1-25 | |
| 47: 1-3, 47: 15-25 | HEARSAY 15-25 |

| | |
|---|---|
| 48: 1-4 | |
| 50: 12-25 | |
| 51: 1-9, 51: 21-25 | |
| 52: 1-23 | HEARSAY 7-22 |
| 53: 18-25 | |
| 54: 1-24 | |
| 58: 22-25 | HEARSAY |
| 59: 1-25 | HEARSAY |
| 60: 1-24 | HEARSAY |
| 61: 23-25 | |
| 62: 1-11, 62: 25 | |
| 63: 1-14, 63: 24-25 | HEARSAY 24-25 |
| 64: 1-18 | HEARSAY 1-18 |
| 65: 23-25 | |
| 66: 3-16 | |
| 68: 7-25 | HEARSAY 14-25 |
| 69: 1-4 | HEARSAY 1-4 |
| 70: 3-8 | |
| 75: 5-25 | HEARSAY 5-17 |
| 79: 8-20 | |
| 81: 19-25 | HEARSAY |
| 82: 1-19 | HEARSAY |
| 83: 20-25 | HEARSAY |
| 84:1-2, 84:24-25 | HEARSAY |
| 85: 1-13 | |

| | |
|---|---|
| 86: 19-25 | |
| 87: 1-2 | |
| 89: 20-25 | |
| 90: 1-8, 90:24-25 | HEARSAY 24-25 |
| 91: 1-25 | HEARSAY 1-25 |
| 92: 1-7 | HEARSAY 1-7 |
| 93: 14-16 | |
| 94: 14-25 | HEARSAY 14-25 |
| 95: 1-7 | HEARSAY 1-7 |
| 97: 4-14 | HEARSAY 4-14 |
| 98: 4-24 | HEARSAY 4-24 |
| 99: 4-19 | |
| 101: 2-11 | |
| 102: 19-25 | |
| 103: 1-7, 103: 20-25 | |
| 104: 1-5, 104: 18-25 | |
| 105: 1-24 | |
| 107: 12-25 | HEARSAY 12-25 |
| 108: 1-9 | HEARSAY 1 |
| 109: 18-25 | |
| 110: 20-25 | HEARSAY 20-25 |
| 111: 1-18 | HEARSAY 1-18 |
| 112: 21-24 | |
| 114: 19-2 | |
| 115: 1-25 | |

| | |
|---|---|
| 116: 1-8 | |
| 117: 7-18 | |
| 118: 24-25 | HEARSAY 24-25 |
| 119: 1-11, 119: 24-25 | HEARSAY 1-11, |
| 120: 1-17, 120: 23-25 | |
| 121: 1-15 | |
| 122: 9-11, 122: 15-25 | HEARSAY 1 |
| 123: 1-14, 123: 24-25 | HEARSAY 1-14 |
| 124: 17-25 | HEARSAY 17-25 |
| 125: 1, 125: 17-25 | HEARSAY 1 |
| 126: 1-13 | HEARSAY 1-13 |
| 127: 10-18, 127: 22-25 | |
| 128: 1-7, 128: 11-20 | |
| 129: 23-25 | |
| 130: 1-25 | |
| 131: 1-25 | HEARSAY 13-24 |
| 134: 11-25 | |
| 135: 1-25 | |
| 136: 1-6 | |
| 145: 3-6 | |
| 161: 12-23 | |
| 162: 1-24 | |
| 164: 23-25 | |
| 165: 1-18 | |
| 168: 1-12 | RULE 403 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 2.    STACIE REYNOLDS DEPOSITION DESIGNATIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 5: 8-10, 5: 13-20 | |
| 6: 3-6, 6:17-18 | |
| 7: 1-10, 7: 14-18, 7: 22-23 | |
| 8: 23-25 | |
| 9: 1-7, 9: 24-25 | |
| 10: 1-2 | |
| 12: 1-25 | |
| 13: 1-16, 13: 19-21 | |
| 14: 10-12, 10:14-17 | Objection 14-17,401-403 |
| 16: 17-25 | |
| 17: 1-3 | |
| 18: 8-9, 18: 22-24 | |
| 19: 13, 19: 22-25 | |
| 20: 1-2, 20: 9-12 | |
| 23: 2-22 | |
| 25: 5-25 | |
| 26: 1-4 | |
| 27: 15-25 | |
| 28: 1 | |
| 29: 4-13, 29: 24-25 | |
| 30: 1-7 | |
| 31: 13-24 | |

| | |
|---|---|
| 32: 22-25 | |
| 33: 1-24 | |
| 35: 6-22 | |
| 36: 22-25 | |
| 37: 1-23 | |
| 38: 9-16 | |
| 40: 5-17, 40: 20-25 | |
| 41: 1-19 | |
| 42: 17-20 | |
| 43: 3-5, 43: 17-23 | |
| 44: 15-20 | |
| 48: 9-14 | |
| 49: 11-20 | |
| 51: 19-25 | |
| 52: 1-11 | Objection to 9-11 partial question only |
| 53: 8-20 | |
| 54: 8-18, 54: 21-25 | |
| 55: 1, 55: 19-25 | HEARSAY 19-25 |
| 56: 1 | HEARSAY 1 |
| 57: 13-17, 57: 21-25 | |
| 58: 1-7 | |
| 59: 23-25 | |
| 60: 1-3, 60: 8-13 | |
| 63: 13-25 | |
| 64: 1-6, 64: 23- | |

| | |
|---|---|
| 65: 1-15 | |
| 67: 1-25 | |
| 68: 1-5<br>71: 14-23 | |
| 80: 12-25 | |
| 81:1-8 | |
| 84: 22-25 | |
| 85: 1-8 | |
| 86: 9-16, 86: 24-25 | |
| 87: 1-25 | |
| 88: 1-3, 88: 9-10 | |
| 90: 19-24 | |
| 91: 21-24 | |
| 92: 11-25 | |
| 93: 1-7 | |
| 100: 9-25 | |
| 101: 1-6 | |
| 102: 19-25 | |
| 103: 1-10 | |
| 104: 11-25 | |
| 105: 1, 105: 17-25 | |
| 111: 14-25 | |
| 112: 1-3 | |
| 115: 23-25<br>116: 1-125 | |
| 117: 1, 117: 17-25 | |

| 118: 1-25 | |
| 119: 1-4, 119: 9-22 | |
| 121: 3-6, 121: 24-25 | |

### 3.    DEBORAH CHATMAN DEPOSITION DESIGNATIONS

**PLAINTIFFS OBJECT TO THE USE OF THIS DEPOSITION PURSUANT TO RULE 32(a)(4).  Witness is not a party, not unavailable, lives within 100 miles of the courthouse and defendants have made no showing that they could not procure her attendance by subpoena.**

| PAGE/LINE | OBJECTION |
|---|---|
| 5: 3-13 | |
| 8: 10-25 | |
| 9: 1-11 | |
| 10: 13-22 | |
| 11: 18-19 | |
| 12: 12-16, 12: 24-25 | |
| 13: 3-5, 13: 10-13 | |
| 15: 1-11, 15: 18-24 | |
| 16: 2-12, 16: 16-25 | |
| 17: 1-4, 17: 19-25 | |
| 18: 1-2, 18: 8-14 | |
| 19: 1-7, 19: 14-18 | |
| 20: 1-8 | |
| 21: 23-25 | |
| 22: 3-8, 22: 15-24 | |
| 25: 1-21 | |

| | |
|---|---|
| 26: 20-25 | |
| 27: 2-18, 27: 24-25 | |
| 28: 12-25 | |
| 29: 1 | |
| 30: 22-25 | |
| 35: 9-25 | |
| 36: 1-11, 36: 13-20 | |
| 37: 3-4, 37: 11-25 | |
| 38: 16-22 | |
| 41: 2-8 | |
| 42: 1-12, 42: 20-24 | |
| 43: 6-22 | |
| 44: 8-10, 44: 17-25 | |
| 45: 12-25 | |
| 46: 1-2,  9-13 | |
| 47: 5-22 | |
| 48: 4-16, 48:18-25 | |
| 51: 19-25 | |
| 53: 12-25 | |
| 54: 1-17 | |
| 55: 12-13, 55: 18-25 | |
| 57: 15-25 | |
| 58: 3-20 | |
| 64: 5-9, 64: 19-25 | |
| 65: 1-7, 65: 12-17, 65: 22-25 | |

| | |
|---|---|
| 66: 3-8, 66: 14-25 | |
| 67: 1-3 | |
| 68: 1-2 | |
| 70: 15-25 | |
| 71: 1-9, 71: 11-24 | |
| 72: 2-10, 72: 21-25 | |
| 73: 16-25 | |
| 74: 1-6 | |
| 75: 18-25 | |
| 76: 8-12, 76: 19-25 | |
| 77: 1-25 | |
| 78: 1-3, 78: | |
| 79: 1-5, 79: 19-25 | |
| 80: 1-11, 80: 15-25 | |
| 81: 1-10, 81: 17-22 | |
| 83: 20-25 | |
| 86: 22-25 | |
| 87: 1-25 | |
| 88: 1-12, 88:20-25 | |
| 89: 1-7, 89: 18-25 | |
| 94: 6-15 | |
| 95: 7-10 | |
| 97: 18-25 | |
| 98: 1-25 | |

Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order

that any deposition not listed as provided herein will not be allowed, absent good cause.

**H.    MOTIONS IN LIMINE**

Motions in limine shall be filed as separate pleadings and responded to in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

**I.    LIST OF PENDING MOTIONS**

None.

**J.    PROCEDURES FOR EXPEDITING TRIAL**

The parties shall discuss and report on all available procedures that might be used to expedite trial, including but not limited to (a) presenting stipulated summaries of deposition testimony rather than reading deposition excerpts; (b) editing videotaped depositions to limit the amount of time required for presentation; (c) using summary exhibits in place of voluminous documentary evidence; (d) stipulations on authenticity and foundation; (e) presenting direct expert testimony through summary or written reports; (f) using the courtroom technology to expedite the presentation of evidence. The parties are invited to contact Robert Vasquez, Judge Rayes' Courtroom Deputy Clerk, to arrange a time to visit the courtroom and examine its technology. Information about courtroom technology can also be found at www.azd.uscourts.gov under Judges' Information.

**K.    ESTIMATED LENGTH OF TRIAL**

4 hours for opening statements and closing arguments

8 hours for Plaintiff(s) case, including cross-examination of other parties' witnesses

8 hours for Defendant(s) case, including cross-examination of other parties' witnesses

1 hours for Plaintiff(s) rebuttal

21 hours TOTAL ESTIMATED TIME

**L.    JURY DEMAND**

If a jury trial has been requested, indicate the appropriate selection:

1. The parties stipulate that the request was timely and properly made.

1

**T.      INFORMATION FOR COURT REPORTER**

2

        In order to facilitate the creation of an accurate record, please file a "Notice to Court

3

Reporter" one week before trial containing the following information that may be used at

4

trial:

5

        1.      Proper names, including those of witnesses.

6

        2.      Acronyms.

7

        3.      Geographic locations.

8

        4.      Technical (including medical) terms, names or jargon.

9

        5.      Case names and citations.

10

        Please also send (or transmit electronically) to the court reporter a copy of the

11

concordance from key depositions.

12

        Dated this 26th day of February, 2021.

13

14

15

16

_____

17

Douglas L. Rayes
United States District Judge

18

19

20

21

22

23

24

25

26

27

28

- 26 -