**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Montiah Chatman, individually and on behalf of her two minor children, J.L.C. and E.V.T.P., | No. CV-17-03826-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Marci D Ferrell, et al., | |
| Defendants. | |

At the close of Plaintiffs' case, Defendants brought a motion pursuant to Fed. R. Civ. P. 50 on the issue of punitive damages as to each defendant. The Court granted Defendants' motion as to Mr. Sullivan and Ms. Ferrell but denied it as to Ms. Chrisman. The Court enters the instant order to elucidate the basis for its ruling.

To justify a punitive damages award, Plaintiffs have the burden of proving by a preponderance of the evidence that each defendant's conduct was malicious, oppressive, or performed in reckless disregard of Plaintiffs' rights. Presented with Defendants' motion for a directed verdict on punitive damages, the Court must address whether the evidence in Plaintiffs' case-in-chief provides a basis for including a punitive damages instruction for each defendant. The Court will address the motion as to each defendant, in turn. At oral argument on the Rule 50 motion, Plaintiffs conceded that the Court should grant the motion as to Mr. Sullivan. The motion is therefore granted as to him.

Turning to Ms. Ferrell, at oral argument, Plaintiffs argued that Ms. Ferrell acted in reckless disregard of Plaintiffs' rights when she informed Ms. Chatman of the 72-hour-hearing-period and when she stated that she did not know the procedures to ensure the children's return. Plaintiffs have produced no evidence suggesting that this conduct was malicious, oppressive, or done in reckless disregard of Plaintiffs' rights. No evidence in Plaintiffs' case suggests that Ms. Ferrell knew or had any reason to know that the boys would not be returned within 72-hours; Plaintiffs also did not establish that Ms. Ferrell's failure to inform Ms. Chatman of the process to resecure the children was done maliciously, oppressively, or in reckless disregard of Plaintiffs' rights. Rather, Plaintiffs' case establishes that Ms. Ferrell was acting at the direction of her supervisor. Ms. Ferrell cannot be liable for the actions of Ms. Chrisman. Moreover, the evidence shows that Ms. Ferrell delayed with the police for a substantial period prior to removing the children, only acting after receiving advice from Mr. Sullivan that indicated that removal was appropriate. In sum, Plaintiffs failed in their case-in-chief to present evidence supporting a finding of the requisite mental intent to justify a punitive damages instruction. The Court therefore grants Defendants' motion as to Ms. Ferrell.

Turning finally to the motion as to Ms. Chrisman, the evidence presented in Plaintiffs' case-in-chief is sufficient to support a punitive damages instruction against her. Ms. Chrisman knew or should have known that federal law guarantees parents and children the right to live together without governmental interference and that government officials are required to obtain judicial authorization before removing children from their parent's custody in the absence of exigent circumstances. Based on the evidence presented in Plaintiffs' case, Ms. Chrisman would have had the training and knowledge to perceive the risk that her actions—authorizing and directing the removal of the children and failing to return the children within 72 hours or preventing the filing of a petition within 72 hours by sending them out of state—would violate Plaintiffs' rights under federal law. Her actions in the face of the perceived risk of violating Plaintiffs' rights under federal law warrant denial of the motion. Accordingly, the motion is denied as to Ms. Chrisman.

**IT IS ORDERED** that Defendants' Rule 50 motion is **GRANTED** as to Mr. Sullivan and Ms. Ferrell and **DENIED** as to Ms. Chrisman.

Dated this 9th day of March, 2021.

Douglas L. Rayes
United States District Judge