

FILED _____ LODGED
_____ RECEIVED _____ COPY

MAR 1 1 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Montiah Chatman, | No. CV-17-03826-PHX-DLR |
| Plaintiff, | **PRELIMINARY INSTRUCTIONS** |
| v. | |
| Marci D Ferrell, et al., | |
| Defendants. | |

1

### 1.3 DUTY OF JURY

2   Members of the jury: You are now the jury in this case. It is my duty to instruct you

3   on the law.

4   The Court has already determined that the three defendants acted together to violate

5   all three plaintiffs' constitutional rights. The United States Constitution generally

6   guarantees parents and children the right to live together without governmental

7   interference. Government officials may only remove children from their parents with their

8   consent a court order or in an emergency. The three defendants in this case removed JLC

9   and EVTP from their mother, Montiah Chatman, without consent, a court order authorizing

10   them to do so and in the absence of an emergency.

11   The Court has also already determined that all three defendants in this case falsely

12   imprisoned JLC and EVTP.

13   You are required to award compensatory damages in an amount appropriate to

14   compensate Montiah Chatman, JLC and EVTP.

15   It is your duty to find the facts from all the evidence in the case. To those facts you

16   will apply the law as I give it to you. You must follow the law as I give it to you whether

17   you agree with it or not. And you must not be influenced by any personal likes or dislikes,

18   opinions, prejudices or sympathy. That means that you must decide the case solely on the

19   evidence before you. You will recall that you took an oath to do so.

20   At the end of the trial I will give you final instructions. It is the final instructions

21   that will govern your duties

22

23

24

25

26

27

28

## 1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1    **1.8 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

2    You should decide the case as to each defendant and each plaintiff separately.

3    Unless otherwise stated, the instructions apply to all parties.

1

## 1.9 WHAT IS EVIDENCE

2    The evidence you are to consider in deciding what the facts are consists of:

3    1.    the sworn testimony of any witness;

4    2.    the exhibits that are admitted into evidence;

5    3.    any facts to which the lawyers have agreed; and

6    4.    any facts that I may instruct you to accept as proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.10 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

- 6 -

1

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

2      Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

3   such as testimony by a witness about what that witness personally saw or heard or did.

4   Circumstantial evidence is proof of one or more facts from which you could find another

5   fact.  You should consider both kinds of evidence.  The law makes no distinction between

6   the weight to be given to either direct or circumstantial evidence.  It is for you to decide

7   how much weight to give to any evidence.

8         By way of example, if you wake up in the morning and see that the sidewalk

9         is wet, you may find from that fact that it rained during the night. However,

10        other evidence, such as a turned on garden hose, may provide a different

11        explanation for the presence of water on the sidewalk.  Therefore, before you

12        decide that a fact has been proved by circumstantial evidence, you must

13        consider all the evidence in the light of reason, experience and common

14        sense.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.13 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

1

**1.14 CREDIBILITY OF WITNESSES**

2      In deciding the facts in this case, you may have to decide which testimony to believe

3   and which testimony not to believe. You may believe everything a witness says, or part of

4   it, or none of it.

5      In considering the testimony of any witness, you may take into account:

6   1.      the opportunity and ability of the witness to see or hear or know the things

7           testified to;

8   2.      the witness's memory;

9   3.      the witness's manner while testifying;

10  4.      the witness's interest in the outcome of the case, if any;

11  5.      the witness's bias or prejudice, if any;

12  6.      whether other evidence contradicted the witness's testimony;

13  7.      the reasonableness of the witness's testimony in light of all the evidence;

14          and

15  8.      any other factors that bear on believability.

16     Sometimes a witness may say something that is not consistent with something else

17  he or she said. Sometimes different witnesses will give different versions of what

18  happened. People often forget things or make mistakes in what they remember. Also, two

19  people may see the same event but remember it differently.  You may consider these

20  differences, but do not decide that testimony is untrue just because it differs from other

21  testimony.

22     However, if you decide that a witness has deliberately testified untruthfully about

23  something important, you may choose not to believe anything that witness said.  On the

24  other hand, if you think the witness testified untruthfully about some things but told the

25  truth about others, you may accept the part you think is true and ignore the rest.

26     The weight of the evidence as to a fact does not necessarily depend on the number

27  of witnesses who testify.  What is important is how believable the witnesses were, and how

28  much weight you think their testimony deserves.

**1.15 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this

case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

## 1.17 NO TRANSCRIPT AVAILABLE TO JURY

2       During deliberations, you will have to make your decision based on what you recall

3 of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention

4 to the testimony as it is given.

5       If at any time you cannot hear or see the testimony, evidence, questions or

6 arguments, let me know so that I can correct the problem.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**1.18 TAKING NOTES**

2       If you wish, you may take notes to help you remember the evidence. If you do take

3 notes, please keep them to yourself until you go to the jury room to decide the case. Do

4 not let notetaking distract you. When you leave, your notes should be left in the courtroom.

5 No one will read your notes.

6       Whether or not you take notes, you should rely on your own memory of the

7 evidence. Notes are only to assist your memory. You should not be overly influenced by

8 your notes or those of other jurors.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.20 BENCH CONFERENCES AND RECESSES

2 From time to time during the trial, it may become necessary for me to talk with the

3 attorneys out of the hearing of the jury, either by having a conference at the bench when

4 the jury is present in the courtroom, or by calling a recess.  Please understand that while

5 you are waiting, we are working.  The purpose of these conferences is not to keep relevant

6 information from you, but to decide how certain evidence is to be treated under the rules

7 of evidence and to avoid confusion and error.

8 Of course, we will do what we can to keep the number and length of these

9 conferences to a minimum.  I may not always grant an attorney's request for a conference.

10 Do not consider my granting or denying a request for a conference as any indication of my

11 opinion of the case or of what your verdict should be.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.21 OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## COURT ORDERED VIRUS SAFETY REQUIREMENTS
## IN THE COURTHOUSE

The Chief Judge of the District Court has issued a Court Order that pertains to your protection and your required conduct while in the courthouse.

The public may be admitted to the courthouse according to the following conditions and under the following specified circumstances:

- No person who is or should be subject to isolation or quarantine is authorized to enter the courthouse.

- No person who has a fever, cough, sore throat, shortness of breath, unusual muscle pain, recent loss of taste or smell, nasal congestion or a runny nose (unless due to known allergies) is authorized to enter the courthouse.

- No person shall be admitted to the courthouse without a mask, which shall be worn at all times while in the courthouse. Cloth masks are acceptable. Masks shall be provided to potential jurors and other one-time visitors to the Court who have not brought their own masks.

- All persons shall maintain a distance of at least six feet between themselves and other persons.

- No more than four persons shall be on an elevator at any one time.

**Protocols for Hearings and Jury Trials**

- All persons attending hearings or trials shall wear masks. During in-court proceedings, a judge may authorize removal of masks or face coverings for purposes of witness testimony, defendant identification, making an appropriate record or other reasons as deemed necessary by the judge provided that appropriate social distancing or other protective measures are followed.

- No more than one attorney and one client or client representative shall sit at counsel table at any one time. They shall be appropriately socially distanced.

- Public seating areas in courtrooms will be marked with an "X" on the bench to

designate places in which persons may sit. Persons may not sit closer than such designations.

- No more than ten persons can be seated in the public seating area of the courtroom at any one time. This number may be diminished if the needs of the jury and/or the parties require the use of part or all of the public seating area in the courtroom.

- Stanchions will be set up within the courtroom to maintain adequate social distancing between the bench, the jury box, and that section of the public seating area that must be converted to a jury box to accommodate social distancing within the jury.

- During trial, the jury shall use both jury rooms adjacent to the courtroom in assembling and during breaks to promote social distancing. Each juror shall be assigned to one of the two jury rooms. In Phoenix, jury trials shall be held in courtrooms 505, 602, or 604, with juror access to the jury rooms on the corridors of those three courtrooms.

- At the end of the trial, the Court shall close the courtroom and the jury shall conduct its deliberation in the courtroom.