FILED _____ LODGED
_____ RECEIVED _____ COPY

MAR 1 1 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8

9   Montiah Chatman,                    No. CV-17-03826-PHX-DLR

10          Plaintiff,                  **FINAL JURY INSTRUCTIONS**

11   v.

12   Marci D Ferrell, et al.,

13          Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**1.4 DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and will soon hear the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

**1.9 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I have instructed you to accept as proved.

**1.10 WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Stacie Reynolds was taken on July 9, 2019. The deposition of Corey Pearson was taken on July 10, 2019. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1

## 2.13 EXPERT OPINION

2   You have heard testimony from Timothy Turner who testified to opinions and the

3 reasons for his opinions. This opinion testimony is allowed, because of the education or

4 experience of this witness.

5   Such opinion testimony should be judged like any other testimony. You may accept

6 it or reject it, and give it as much weight as you think it deserves, considering the witness's

7 education and experience, the reasons given for the opinion, and all the other evidence in

8 the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any

- 8 -

research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## 1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1
2

**FOURTEENTH AMENDMENT—DUE PROCESS—INTERFERENCE WITH PARENT/CHILD RELATIONSHIP**

3
4
5
6
7
8
9

Parents and children possess a constitutionally protected interest in companionship and society with each other. This is known as the right of familial association. The right parents and children to familial association under US Constitution is violated if a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury.

10
11
12
13
14
15

I have instructed you that the Defendants in this case acted together to violate the plaintiffs' familial association rights by removing JLC and EVTP from Montiah Chatman's custody, without consent, without a court order and without any reason to believe the children were in imminent danger of serious bodily harm. Because defendants violated the constitutional rights of Montiah Chatman, JLC and EVTP, you must award compensatory damages in an appropriate amount to compensate plaintiffs.

16
17
18
19
20
21
22
23
24
25
26
27
28

## 5.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of compensatory damages.   Because defendants have already been found liable, you must award compensatory damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury caused by the defendants. You should consider the following:

1.  The nature and extent of the injuries;

2.  The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

It is for you to determine what damages have been proved.   Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

## 5.3 DUTY TO MITIGATE DAMAGES

2       The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate

3   means to avoid or reduce damages. The defendants have the burden of proving by a

4   preponderance of the evidence:

5       1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

6       2. the amount by which damages would have been mitigated.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 5.5 PUNITIVE DAMAGES

2      You may, but are not required to, award punitive damages for defendant's conduct

3  violating plaintiffs' constitutional rights. The purposes of punitive damages are to punish

4  a defendant and to deter similar acts in the future.  Punitive damages may not be awarded

5  to compensate a plaintiff. The plaintiffs have the burden of proving by a preponderance of

6  the evidence that punitive damages should be awarded and, if so, the amount of any such

7  damages.

8      You may award punitive damages only if you find that a defendant's conduct that

9  harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's

10  rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the

11  purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights

12  if, under the circumstances, it reflects complete indifference to the plaintiff's safety or

13  rights, or if the defendant acts in the face of a perceived risk that its actions will violate the

14  plaintiff's rights under federal law.  An act or omission is oppressive if the defendant

15  injures or damages or otherwise violates the rights of the plaintiff with unnecessary

16  harshness or severity, such as by misusing or abusing authority or power or by taking

17  advantage of some weakness or disability or misfortune of the plaintiff.

18      If you find that punitive damages are appropriate, you must use reason in setting the

19  amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes

20  but should not reflect bias, prejudice or sympathy toward any party.  In considering the

21  amount of any punitive damages, consider the degree of reprehensibility of the defendant's

22  conduct. In addition, you may consider the relationship of any award of punitive damages

23  to any actual harm inflicted on the plaintiff.

24      You may impose punitive damages against one or more of the defendants and not

25  others, and may award different amounts against different defendants.

26

27

28

1

## STATE LAW FALSE IMPRISONMENT

2      Under Arizona law, a defendant is liable for false imprisonment of a plaintiff where:

3      The defendant acted intentionally to restrain plaintiff to an area within the

4   defendant's control;

5      Defendant acted without lawful authority and without plaintiff's consent.

6      Defendant's act resulted in the direct restraint of plaintiff's liberty or freedom of

7   movement, either by actual force or from plaintiff's fear of force;

8      Defendant's act would have caused a reasonably prudent person in the same

9   situation as the name of plaintiff to believe that he was restrained; and

10      Plaintiffs were aware of or was harmed by the restraint.

11      I have instructed you that the defendants are all liable for falsely imprisoning JLC

12   and EVTP after removing them from Montiah Chatman.   You are to determine the

13   appropriate amount of compensatory damages to award EVTP and JLC for the loss of time,

14   for physical discomfort or inconvenience, and for any mental suffering, humiliation, and

15   the like.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 3.3 COMMUNICATION WITH COURT

2   If it becomes necessary during your deliberations to communicate with me, you may

3   send a note through the bailiff, signed by any one or more of you.  No member of the jury

4   should ever attempt to communicate with me except by a signed writing.  I will not

5   communicate with any member of the jury on anything concerning the case except in

6   writing or here in open court.  If you send out a question, I will consult with the lawyers

7   before answering it, which may take some time.  You may continue your deliberations

8   while waiting for the answer to any question.  Remember that you are not to tell anyone—

9   including the court—how the jury stands, whether in terms of vote count or otherwise, until

10   after you have reached a unanimous verdict or have been discharged.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 3.1 DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 3.5 RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.